FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ DEC 0 6 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LAWRENCE R. ROSANO,

                      Plaintiff,

    -against-

ADELPHI UNIVERSITY; DEAN GRAFFA;
NICKOLAS MANOBIANCO; DONALD BARTO,
Adelphi University Director of Public
Safety; JOHN BLEWITT; McGRATH; HENRY
WILSON; GARLAND MERCER, JR.; RICHARD
MARSTON; GLEN URSHEL; ANDREW DAVIS;
EDWIN MILLER; THOMAS J. COX, Security
Guard; SARLOSY, Adelphi Director of
Public Safety; THE INCORPORATED VILLAGE
OF GARDEN CITY; THE GARDEN CITY POLICE
DEPARTMENT; TED SIGWART, P.O. on
Aug. 12, 2003, Badge No. 108; WAYNE
VOGEL, Badge No. 117; JACKSON, Badge No.
150; G. BECKET, Badge No. 104; SCHROEDER,
Badge No. 154; SULLIVAN, Badge No. 33;
CAPTAIN GINHARD, Badge No. unknown;
DiPAULO, Badge No. 37; VINCENT THORN,
Badge No. 106; VINCENT PANTOLILLO, Badge
No. 139; JUDGE FITZPATRIC, Badge No. 32;
MARGARET HURST; JIM SMITH; JACOB TURNER,
Nassau County Assistant District
Attorney; MOGIL, Nassau County District
Court Judge; IRA WARSHAWSKY; SANDRA
FEUERSTEIN; VITO PALMIERI, Court
Appointed Defense Attorney; CAROLE
BAGLEY AMON, U.S. District Court for the
Eastern District, the Honorable Judge;
JOSEPH VARVARO, Adelphi University's
Attorney; MS. SCHUESTER, Attorney for
Garden City; PERRY AUERBACH, Court
Reporter; and the UNITED STATES,

                      Defendants.
----------------------------------------X

MEMORANDUM & ORDER
11-CV-0148(JS)(GRB)

APPEARANCES
For Plaintiff:      Lawrence R. Rosano, pro se
                     1662 Lydia Avenue
                     Elmont, NY 11003

For Defendants:   No appearances.

SEYBERT, District Judge:

Plaintiff commenced this action pro se on January 10, 2011, pursuant to 42 U.S.C. §§ 1983, 1988, asserting violations of the First, Fourth, Fifth, Sixth and Fourteenth Amendments as well as the Constitution's prohibition against Bills of Attainder.  On October 12, 2011, the Court ordered Plaintiff to either file proof of service for each Defendant or show good cause for his failure to do so by November 18, 2011.[1]  On November 8, 2011, Plaintiff filed the pending motion for an extension of time to properly serve the Defendants.  (Docket Entry 8.)  For the following reasons, Plaintiff's request is DENIED.

## DISCUSSION

The Court may extend the time to serve a defendant upon a showing of good cause.  Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause

---

[1] Plaintiff was advised by the Clerk's Office on January 19, 2011 to serve the Summons and Complaint on the Defendants.  (Docket Entry 3.)

2

for the failure, the court must extend the time for service for an appropriate period.

Plaintiff asserts that he should be granted an extension of time to serve the Defendants because: (1) the applicable statute of limitations for his state law claims has expired (Pl. Mot. ¶ 19); (2) he was injured in an unrelated car accident in December 2010, prior to commencing this action, which is still causing him pain and requires ongoing treatment (Pl. Mot. ¶¶ 28-33); (3) he has been out of the country on multiple religious vacations (Pl. Mot. ¶¶ 33, 39); (4) between July 2011 and October 2011, he assisted a friend in preparing legal papers in an unrelated case; and (5) unless he can get the Supreme Court to review and uphold his "unique and powerful definition of a burden of the free exercise of religion under the Federal First Amendment" his "complaint is too premature" and he will "need to change [his] theory of recovery, which is now developing" and amend his Complaint prior to serving it on the Defendants (Pl. Mot. ¶¶ 1-2, 7, 10).

The Court finds that Plaintiff's rationale for needing more time is insufficient to establish good cause. First, the fact that the statute of limitations may have expired on some of Plaintiff's state law claims does not deprive the Court of the ability to dismiss the action. See Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092, 1094 (2d Cir. 1990) ("[W]e reject the

3

contention that the court has no power to dismiss a complaint for failure to comply with Rule 4[] after the applicable statute of limitations has run."); Frasca v. United States, 921 F.2d 450, 453 (2d Cir. 1990); see also Cioce v. Cnty. of Westchester, No. 02-CV-3604, 2003 WL 21750052, at *4 (S.D.N.Y. July 28, 2003). Second, Plaintiff has not even attempted to effectuate service on any of the Defendants. See Point-Dujour v. U.S. Postal Serv., No. 02-CV-6840, 2003 WL 1745290, at *3 (S.D.N.Y. Mar. 31, 2003) ("[W]here a party fails to take any affirmative step to serve its adversary, courts should refrain from granting that party more time to serve."); Astarita v. Urgo Butts & Co., No. 96-CV-6991, 1997 WL 317028, at *4 (S.D.N.Y. June 10, 1997) (dismissing complaint pursuant to Rule 4(m) when "no effort ha[d] ever been made to effect formal service"); see also E. Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (holding that plaintiff's failure to serve the defendant within 120 days was not excusable for good cause because plaintiff "failed to make any reasonable efforts to timely serve the amended complaint"). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." E. Refractories Co., 187 F.R.D. at 505 (internal quotation marks and citation omitted). Thus, Plaintiff's multiple vacations and decision to

4

assist a friend with an unrelated lawsuit do not warrant extending the time to serve. Finally, the fact that Plaintiff's federal claims are not cognizable under the current state of the law does not establish good cause. Plaintiff will not be permitted to file this action as an indefinite placeholder in the hopes that the Supreme Court will someday overturn an unfavorable decision. See, e.g., Whipple v. Pharmacia & Upjohn Co., 8 Fed. Appx. 840, 841 (9th Cir. 2001). The prejudice that this would cause the Defendants alone justifies the Court's denying Plaintiff's request. See Zapata v. N.Y.C., 502 F.3d 192, 195 (2d Cir. 2007).

Although it is within the Court's discretion to grant an extension in the absence of good cause, see id., the Court declines to do so here. Plaintiff has already been given more than ten months to effectuate service and multiple warnings that failure to serve Defendants will result in dismissal. Plaintiff's pro se status alone does not justify an additional extension. See Jonas v. Citibank, N.A., 414 F. Supp. 2d 411, 417 (S.D.N.Y. 2006) (pro se status does not excuse failure to comply with procedural rules); Cioce, 2003 WL 21750052, at *4 (pro se status alone does not establish good cause under Rule 4(m)). Therefore, the Court DENIES Plaintiff's request for additional time to serve the Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for an extension of time to serve the Summons and Complaint is DENIED, and, accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed to mark this matter closed, to terminate all pending motions, and to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED:   December  6 , 2011
         Central Islip, NY

6